UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                            Case No. 3:12-bk-2186-PMG

James W. Laudenslager,

_____Debtor.                            Chapter 7

James W. Laudenslager,

                        Plaintiff,

vs.                                                                                Adv. No. 3:13-ap-375-PMG

Andrea Saia,

_____Defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND MEMORANDUM OPINION

**THIS CASE** came before the Court for a final evidentiary hearing in this adversary proceeding.

In the proceeding, James Laudenslager (the Debtor) seeks a determination that a debt claimed by Andrea Saia (Saia) is dischargeable in his Chapter 7 case. The debt claimed by Saia is based on the Debtor's alleged breach of a prepetition contract to sell his residential real property to Saia.

Under §365 of the Bankruptcy Code, an executory contract of a Chapter 7 debtor is deemed rejected if it is not assumed by the trustee within 60 days of the petition date, and such rejection

1

constitutes a breach of the contract "immediately before the date of the filing of the petition." Under §727(b) of the Bankruptcy Code, a discharge in a Chapter 7 case discharges all debts that arose before the date of the petition.

In this case, the Debtor's prepetition contract to sell his residence to Saia was an executory contract within the meaning of §365 of the Bankruptcy Code. The contract was not assumed by the Chapter 7 trustee, and therefore was deemed rejected as of the date immediately before the bankruptcy petition was filed. Accordingly, Saia's claim for breach of the contract is a prepetition claim for damages that was discharged in the Debtor's Chapter 7 case.

## Background

On February 2, 2012, the Debtor and Saia signed a Residential Contract for Sale and Purchase (the Contract). (Doc. 24, Exhibit B). Pursuant to the Contract, the Debtor agreed to sell certain real property (the Property) to Saia for the sale price of $760,000.00. The Property was located at 2433 S. Ponte Vedra Boulevard, Ponte Vedra Beach, Florida.

The original closing date contained in the Contract was March 30, 2012. By agreement of the parties, the closing date was rescheduled to April 5, 2012. (Doc. 8, ¶ 7).

On March 30, 2012, prior to the scheduled closing, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code. On his schedules filed with the petition, the Debtor listed the Property as his homestead, and claimed the Property as exempt pursuant to article X, §4(a)(1) of the Florida Constitution. In connection with his listing of the Property, the Debtor included the following statement on his schedule of real property, his schedule of exemptions, and his schedule of secured claims:

> House under contract; closing in April debtor intends to use proceeds to reinvest in proceeds in new homestead . . . . . proceeds have to be split between debtor and ex-wife per divorce decree.

(Main Case, Doc. 1). Even though it was noted on his schedule of assets and liabilities, the Contract was not listed on the Debtor's initial schedule of executory contracts filed with the petition.

The sale of the Property by the Debtor to Saia did not close on April 5, 2012.

On April 20, 2012, Saia filed a state court action against the Debtor's former wife based on the failure of the sale to close on April 5. Saia subsequently filed an Amended Complaint to name the Debtor as an additional defendant in the state court action. The Amended Complaint includes an action against the Debtor for breach of the Contract, and an action for breach of the implied covenant of good faith and fair dealing. (Doc. 24, Exhibits C, D).

Saia did not enter an appearance in the Debtor's Chapter 7 case, and the Debtor received a Discharge on November 27, 2012. (Main Case, Doc. 37).

On August 9, 2013, the Debtor filed the Complaint in his bankruptcy case that commenced this adversary proceeding. In his Amended Complaint, the Debtor asserts that "any debt arising from the executory contract at issue in this matter existed as of the date the petition was filed and was therefore discharged by this Court on November 27, 2012." (Doc. 24, ¶ 22).

## Discussion

Under §365 of the Bankruptcy Code, an executory contract of a Chapter 7 debtor is deemed rejected if it is not assumed by the trustee within 60 days of the petition date, and such rejection constitutes a breach of the contract "immediately before the date of the filing of the petition." Under §727(b) of the Bankruptcy Code, a discharge in a Chapter 7 case discharges all debts that arose before the date of the petition.

3

### A. The Contract is an executory contract.

Generally, an executory contract is a contract in which performance remains due to some extent from both parties. In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998)(quoting H.R.Rep. No. 95-595, 95th Cong., 2nd Sess. 347 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6303).

In bankruptcy cases, contracts by a debtor to sell real property are typically treated as executory contracts, as long as performance remains due from both the seller and the buyer.

> In the context of real estate contracts, courts have generally found contracts for the sale of real property to be executory in nature. *See In re General Development Corp.*, 84 F.3d 1364, 1371 (11th Cir. 1996)(noting that where the debtor is the seller of real estate, the courts have found the contract to be an executory one.).

In re Chira, 367 B.R. 888, 895 (S.D. Fla. 2007). "A land sale contract is executory when the Debtor has not yet conveyed or been ordered to convey title." In re Elkowni, 318 B.R. 605, 608 (Bankr. M.D. Fla. 2004).

The "executoriness" of a contract is normally evaluated as of the date on which a voluntary bankruptcy petition is filed. In re Penn Traffic Company, 524 F.3d 373, 381 (2d Cir. 2008). "The operative date for determining whether a contract is executory or non-executory is the petition date." In re Fieldstone Mortgage Co., 427 B.R. 364, 373 (Bankr. D. Md. 2010).

In this case, the Debtor signed a Residential Contract for Sale and Purchase in which he agreed to sell the Property to Saia. The Contract was signed on February 2, 2012, and the Debtor filed his petition under Chapter 7 of the Bankruptcy Code on March 30, 2012. As of the petition date, the closing had not occurred, Saia had not paid the purchase price, and the Debtor had not conveyed or been ordered to convey the Property to Saia.

The Contract was an executory contract on the date that the bankruptcy petition was filed.

### B. Section 365 applies to the Contract.

Executory contracts in bankruptcy cases are governed by §365 of the Bankruptcy Code. Section 365(a) provides:

**§365. Executory contracts and unexpired leases**

>(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. §365(a). A primary purpose of the statute is to allow for the assumption of contracts that are beneficial to the estate, and the rejection of contracts that are burdensome to the estate. In re Penn Traffic Company, 524 F.3d at 382.

In this case, the Contract relates to Property that the Debtor claimed as exempt on his bankruptcy schedules. In other words, the Debtor claimed that the Property to be sold was exempt from property of his estate because it was his homestead, and also claimed that the proceeds of the sale were exempt because he intended to reinvest them in a new homestead. The exemption was ultimately allowed in the Debtor's Chapter 7 case. Consequently, the assumption or rejection of the Contract may have had little or no effect on the Chapter 7 Trustee's administration of the bankruptcy estate.

Based on the language of the statute, however, the Court finds that the Contract is governed by §365, even though the subject of the sale was exempt property.

In In re Rabin, 361 B.R. 282 (Bankr. S.D. Fla. 2007), the Court addressed the precise issue of whether "section 365 applies to contracts to buy or sell exempt property." In Rabin, as in this case, a debtor had entered into a prepetition contract to sell his residence, and the contract remained pending at the time that he filed his bankruptcy petition. The sale did not close, and the buyer later filed an

5

action against the debtor for a determination that the debt arising from the breach was not dischargeable in the debtor's bankruptcy case. In re Rabin, 361 B.R. at 283.

The Court initially concluded that §365 did not apply to the contract, because the subject of the sale was exempt homestead, and the contract therefore could not be assumed or rejected by the trustee. Id. at 284. Upon reconsideration, however, the Court found that the contract was governed by §365 because of the inclusive language of the statute.

> Upon further analysis, the Court finds no authority limiting §365 to contracts involving non-exempt property. Section 365(a) authorizes the trustee to "assume or reject *any* executory contract or unexpired lease of the debtor." (emphasis added). Absent any ambiguity in the language of the statute, the Court must abide by the plain meaning of the text. *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). Under its plain meaning, §365 applies to all executory contracts except those specifically excluded from its reach under §365(c).

In re Rabin, 361 B.R. at 284(Emphasis in original). The contract in Rabin was executory for purposes of §365. Consequently, the Court concluded that §365 applied to the debtor's prepetition contract to sell his exempt homestead. Id. at 286.

In this case, the Debtor's executory Contract relates to the sale of his homestead Property. Under §365, a trustee may assume or reject any executory contract of the debtor, regardless of whether the underlying property is exempt or non-exempt. Accordingly, the Contract in this case is governed by §365 of the Bankruptcy Code.

**C. The Contract is deemed rejected under §365(d)(1).**

The Court has found that the Debtor's Contract to sell the Property to Saia was an executory contract as of the petition date, and that the Contract is governed by §365 of the Bankruptcy Code.

Section 365(d) applies to executory contracts in Chapter 7 cases. See In re Vecchitto, 235 B.R. 231, 236 (Bankr. D. Conn. 1999). Section 365(d)(1) provides:

**§365. Executory contracts and unexpired leases**

. . .

(d)(1) In a case under chapter 7 of this title, <u>if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief</u>, or within such additional time as the court, for cause, within such 60-day period, fixes, <u>then such contract or lease is deemed rejected</u>.

11 U.S.C. §365(d)(1)(Emphasis supplied). The time limitation in the section is designed to reduce uncertainty in executory contracts involving a debtor. In re Hodgson, 54 B.R. 688, 689 (Bankr. W.D. Wis. 1985).

In this case, the Chapter 7 trustee did not assume or reject the Contract within 60 days after the filing of the Debtor's bankruptcy petition, and the Contract was therefore deemed rejected pursuant to §365(d)(1). See In re Rabin, 361 B.R. at 284, 286.

In response to the effect of the statute, Saia primarily contends that §365(d)(1) should not operate to reject the Contract in this case because the Contract was not disclosed as an executory contract on the Debtor's schedules in time to allow the trustee to act, or in time to allow Saia to seek a determination of nondischargeability. (Doc. 30, pp. 4-6; Transcript, p. 7).

The Court recognizes that the Contract was not listed on the Debtor's original Schedule G filed with the Debtor's bankruptcy petition, and that Saia was not listed as a creditor on the Debtor's original schedule of liabilities. The omission does not prevent the deemed rejection of the Contract under §365(d)(1), however, for at least two reasons.

First, the Contract was disclosed in three other places on the Debtor's original schedules: Schedule A of Real Property, Schedule C of Exempt Property, and Schedule D of Secured Creditors. With respect to the Property, the Debtor stated on those schedules: "House under contract; closing in

7

April." The §341 meeting of creditors was conducted and concluded on May 10, 2012, within the 60-day period provided by §365(d)(1). The Chapter 7 trustee knew of the pending contract and the post-petition closing date, as evidenced by his Objection to the Debtor's homestead exemption, in which he referred to the "contract for the sale for April 5, 2012." (Main Case, Doc. 16, ¶ 4). The omission of the Contract from the Debtor's original Schedule G did not affect the trustee's ability to assume or reject the Contract under §365(d)(1).

Second, Saia had actual knowledge of the Debtor's bankruptcy petition in time to object to the dischargeability of her claim or otherwise assert her rights in the case. On April 20, 2012, approximately three weeks after the petition was filed, Saia filed a state court action against the Debtor's former wife, and alleged that the Debtor had filed a bankruptcy case to avoid his obligation to close the sale on April 5. (Doc. 24, Exhibit C, ¶ 8). Saia acknowledges that she became aware of the Debtor's bankruptcy case shortly after it was filed. (Transcript, p. 25).

The 60-day period under §365(d)(1) for assumption or rejection of the contract expired on May 29, 2012, and the last day to object to the Debtor's discharge or the dischargeability of a particular debt was July 7, 2012. The trustee and Saia were both aware of the Contract and the bankruptcy case before the deadlines expired. The trustee did not assume or reject the Contract within 60 days after the bankruptcy petition was filed, and the Contract therefore was deemed rejected pursuant to §365(d)(1) of the Bankruptcy Code.

**D. The rejection constitutes a prepetition breach of the Contract under §365(g).**

Section 365(g) of the Bankruptcy Code addresses the effect of an executory contract's rejection, including the creation of a remedy for the non-debtor party. In re Lavigne, 114 F.3d 379, 386-87 (2d Cir. 1997). Section 365(g)(1) provides:

8

**§365. Executory contracts and unexpired leases**

. . .

(g) Except as provided in subsections (h)(2) and (i)(2) of this section, <u>the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease</u>—

(1) if such contract or lease has not been assumed under this section or under a plan confirmed chapter 9, 11, 12, or 13 of this title, <u>immediately before the date of the filing of the petition</u>.

11 U.S.C. §365(g)(1)(Emphasis supplied). The non-debtor party's remedy is a claim for breach of contract, and the breach is treated as a prepetition breach pursuant to §365(g)(1). <u>In re Lavigne</u>, 114 F.3d at 387. The section clarifies that the non-debtor party has a claim in the bankruptcy case based on a prepetition breach of contract. See <u>In re Miller</u>, 282 F.3d 874, 877 (6th Cir. 2002).

In this case, the Contract was deemed rejected under §365(d)(1), because it was not assumed or rejected by the Chapter 7 trustee within 60 days after the petition date. Consequently, the rejection constitutes a breach of the Contract immediately before the petition date, and Saia's remedy is a claim for the prepetition breach of contract pursuant to §365(g)(1) of the Bankruptcy Code.

**E. The claim based on the prepetition breach is dischargeable under §727(b).**

Generally, a claim for §365 rejection damages may only be asserted against the bankruptcy estate, not the debtor, and is treated in the bankruptcy case as a claim under §502(g) of the Bankruptcy Code. <u>In re Ortiz</u>, 400 B.R. 755, 765 (C.D. Cal. 2009). Section 502(g)(1) provides:

**§502. Allowance of claims or interests**

. . .

(g)(1) A claim arising from the rejection, under section 365 of this title or under a plan under chapter 9, 11, 12, or 13 of this title, of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed

9

under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, <u>the same as if such claim had arisen before the date of the filing of the petition</u>.

11 U.S.C. §502(g)(1)(Emphasis supplied). A rejection claim under §365(g)(1) is classified by §502(g) as a general unsecured prepetition claim. In re Weaver Oil Co., Inc., 2008 WL 8202063, at 4 (Bankr. N.D. Fla.).

To the extent that the claim is not paid by the bankruptcy estate or otherwise determined to be nondischargeable under §523, it is a dischargeable obligation in a Chapter 7 case. Section 727(b) of the Bankruptcy Code provides:

**§727. Discharge**

. . .

(b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and <u>any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case</u>, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502.

11 U.S.C. §727(b)(Emphasis supplied). The discharge under §727 releases a debtor from personal liability for his prepetition debts. In re Ybarra, 424 F.3d 1018, 1022 (9th Cir. 2005).

In this case, Saia's claim is based on the deemed rejection of the executory Contract. Under §365(g) and §502(g) of the Bankruptcy Code, the rejection operates as a breach of the Contract immediately before the filing of the bankruptcy petition, and the claim based on the breach is treated in the bankruptcy case as if it had arisen before the petition was filed. Under §727(b), therefore, the claim is dischargeable in the Debtor's bankruptcy case as a prepetition claim under §365(g) and §502(g). See In re Rabin, 361 B.R. at 285-86.

**Conclusion**

In this proceeding, the Debtor seeks a determination that a debt claimed by Saia is dischargeable in his Chapter 7 case. The debt claimed by Saia is based on the Debtor's alleged breach of a prepetition contract to sell his residential real property to Saia.

Under §365 of the Bankruptcy Code, an executory contract of a Chapter 7 debtor is deemed rejected if it is not assumed by the trustee within 60 days of the petition date, and such rejection constitutes a breach of the contract "immediately before the date of the filing of the petition." Under §727(b) of the Bankruptcy Code, a discharge in a Chapter 7 case discharges all debts that arose before the date of the petition.

In this case, the Debtor's prepetition contract to sell his residence to Saia was an executory contract within the meaning of §365 of the Bankruptcy Code. The contract was not assumed by the Chapter 7 trustee, and therefore was deemed rejected as of the date immediately before the bankruptcy petition was filed. Accordingly, Saia's claim for breach of the contract is a prepetition claim for damages that was discharged in the Debtor's Chapter 7 case.

Accordingly:

**IT IS ORDERED** that:

1. The claim asserted by Andrea Saia against the Debtor, James W. Laudenslager, arising from the Residential Contract for Sale and Purchase dated February 2, 2012, was discharged in the Debtor's Chapter 7 case.

2. A separate Final Judgment shall be entered in favor of the Debtor, James W. Laudenslager, and against the Defendant, Andrea Saia.

**DATED** this 19 day of November, 2014.

**BY THE COURT**

_____
PAUL M. GLENN
United States Bankruptcy Judge